IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SUSANN BECKER HURD,

        Plaintiff,

vs.

AUDREY LONG, MARK SCHMIDT, CYTHIA SCHMIDT, SCOTTSBLUFF PUBLIC SCHOOL DISTRICT, and AULICK,

        Defendants.

8:23CV285

AMENDED MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's unsigned pro se Complaint, Filing No. 1. Plaintiff, a non-prisoner proceeding pro se, has been given leave to proceed in forma pauperis. Filing No. 14. Also before the Court are Plaintiff's Motion to Appoint Counsel, Filing No. 16, and Motion captioned as a "Request for Transfer Admissions," Filing No. 17. The Court is required to conduct an initial review of in forma pauperis complaints pursuant to 28 U.S.C. § 1915(e)(2).

**I. SUMMARY OF COMPLAINT**

Plaintiff Susanne Becker brings this action under 42 U.S.C. § 1983 against Audrey Long, Mark Schmidt, Cythia Schmidt, Scottsbluff Public School District, and Aulick Manufacturing and Trucking. Filing No. 1 at 2-3. Plaintiff's claim is that Defendants interfered with her parent-child relationship by deceit, fraud, and misuse of the law. Filing No. 1 at 7. Plaintiff alleges that Defendants allowed Plaintiff's daughter, G.H., to engage in hazardous working and employment conditions at Aulick's manufacturing facility. Filing No. 1 at 7. Plaintiff alleges Defendants severed Plaintiff's parent-child relationship with G.H. by failing to provide Plaintiff with information about G.H.'s health, whereabouts, and

well-being.  Filing No. 1 at 7.  Plaintiff claims that while G.H. was employed at Aulick's, Defendants covered up injuries to G.H.  Filing No. 1 at 8.  Plaintiff also alleges Defendants reported false abuse and neglect allegations about Plaintiff.  Filing No. 1 at 8.  Plaintiff seeks damages in excess of $100 million.  Filing No. 1 at 8.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  See 28 U.S.C. § 1915(e).  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties."  Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

The Court has carefully reviewed Plaintiff's Complaint, keeping in mind that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. See *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Additionally, "[t]hough pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (internal citations omitted); *see also Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded"); *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law."). A complaint must state enough to "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiff's Complaint, even construed liberally, does not state a claim for relief. First, federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The subject-matter jurisdiction of the federal district courts is generally set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented (i.e., in a civil action arising under the Constitution, laws, or treaties of the United States) or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. There is no

federal cause of action for interference with a parent-child relationship by deceit, fraud, and misuse of the law, thus, there is no federal question jurisdiction. Additionally, even if Plaintiff seeks to bring a tort action against Defendants, Plaintiff and Defendants are residents of Nebraska, so the diversity-of-citizenship requirement is not met for diversity jurisdiction.

Second, Plaintiff fails to plead facts showing the individual Defendants and Aulick are state actors. "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49. Plaintiff does not allege any facts suggesting the individual Defendants and Aulick are clothed with such authority. In other words, Plaintiff's Complaint fails to state a claim upon which relief may be granted under § 1983 because no facts are alleged to show that the individual Defendants and Aulick acted under color of law.

Further, even if the Scottsbluff Public School District is a state actor, "[i]t is well settled that a municipality may not be found liable under § 1983 'unless action pursuant to official municipal policy of some nature caused a constitutional tort.'" *Lee v. Pine Bluff Sch. Dist.*, 472 F.3d 1026, 1029-30 (8th Cir. 2007) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)). "A school district cannot be held liable under § 1983 on a respondeat superior theory, i.e., simply because it employs a tortfeasor." *Lee*, 472

F.3d at 1030 (quoting *Monell*, 436 U.S. at 691). Plaintiff has not alleged any facts showing the School District took action under an official policy that caused a constitutional tort.

Finally, the Complaint—even construed liberally—does not comply with the general rules of pleading. In assessing whether a complaint contains sufficient facts, the Court may disregard legal conclusions that are stated as factual allegations. *See Iqbal*, 556 U.S. at 678. Further, even though pro se complaints are construed liberally, they still must allege sufficient facts to support the claims asserted. *See Stone*, 364 F.3d at 914. Plaintiff's allegations are predominantly legal conclusions about Defendant's alleged deception and fraud committed by Defendants. However, the Complaint provides few facts to support these allegations. Though Plaintiff concludes repeatedly that Defendant's actions were deceitful and fraudulent, her allegations lack any explanation to support this assertion. *See* Fed. R. Civ. P. 9(b) (requiring that a party alleging fraud "must state with particularity the circumstances constituting fraud."). Plaintiff's conclusory allegations fall far short of giving notice of the grounds for her claim or pleading fraud with particularity. Accordingly, Plaintiff's allegations are not entitled to an assumption of truth and the Complaint is subject to dismissal.

Moreover, on July 17, 2023, the Clerk of Court advised Plaintiff that her Complaint was unsigned and therefore deficient. The Clerk of Court directed Plaintiff to "correct the deficiency" (i.e., file a signed Complaint) within 14 days, or the pleading "may be stricken from the record of this case." Filing No. 5, Text Order. Plaintiff failed to follow the Clerk of Court's directions. Accordingly, the Court shall order Plaintiff to file a signed copy of her Complaint that complies with Federal Rule of Civil Procedure 11 and the Court's Local Rules. If Plaintiff fails to do so, the Complaint will be stricken from the record in this case.

5

## V. MOTION TO APPOINT COUNSEL

There is no constitutional or statutory right to appointed counsel in a civil case. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 Fed. Appx. 3, 4 (8th Cir. 2021) (unpublished) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)); *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). Having carefully considered the record, the Court will not appoint counsel at this time.

## V. "REQUEST TO TRANSFER ADMISSIONS"

Plaintiff's Motion, captioned as a "Request to Transfer Admissions," is largely indiscernible. Plaintiff submitted the Motion in numerous pending cases before the Court, but fails to specify how it is relevant to the present case. Although the Motion asserts Plaintiff is entitled to "reinstatement," it does not identify the nature of the reinstatement or provide a legal basis for seeking relief. Even construed liberally, the Motion lacks a coherent statement of the relief sought and is therefore denied.

## V. CONCLUSION

Plaintiff's unsigned and deficient Complaint does not show this Court has subject matter jurisdiction over all of the Defendants, nor does it allege sufficient facts to state a plausible claim. Thus, no claim is stated upon which relief may be granted.

Consequently, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. § 1915(e), and the Court will dismiss this matter without prejudice and without leave to amend.

IT IS THEREFORE ORDERED:

1. This matter is dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Judgment shall be entered by a separate document.

3. Plaintiff's Motion to Appoint Counsel, Filing No. 16, is denied.

4. Plaintiff's Motion captioned as a "Request for Transfer Admissions," Filing No. 17, is denied.

Dated this 12th day of December, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge